IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARBARA M. ODUM,

    Plaintiff,

  v.

ERIK K. SHINSEKI, Secretary,
Department of Veterans Affairs,

    Defendant.
_____/

No. C 08-5019 CW

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS

    Defendant Erik Shinseki moves to dismiss this Title VII action on the basis that <u>pro se</u> Plaintiff Barbara Odum failed to exhaust her administrative remedies, and thus the Court lacks subject matter jurisdiction. Plaintiff opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court grants Defendant's motion.

BACKGROUND

    Plaintiff was formerly employed by the United States Department of Veterans Affairs (VA). The form complaint in this action contains no factual allegations, nor is a summary of Plaintiff's allegations appended. Plaintiff has, however, attached

to the complaint the decision of the Equal Employment Opportunity Commission (EEOC) denying her appeal of the VA's dismissal of her administrative complaint of discrimination.  Construing the pro se complaint with the requisite liberality, the Court will deem the factual basis of this lawsuit to be the allegations discussed in the EEOC decision.  Those allegations are contained in the underlying administrative complaint, which Defendant has submitted in connection with the present motion.

According to the administrative complaint, the VA discriminated against Plaintiff on the basis of sex and race in three ways: 1) in July, 2007, a supervisor improperly requested that she disclose personal information such as her social security number, date of birth and pay grade; 2) sometime in 2005, management failed to stop a predator from sexually attacking her; 3) sometime in 2006, she was not selected for an unspecified position because management had "pre-selected" someone else.

According to VA documents, Plaintiff initially contacted a VA Equal Employment Opportunity (EEO) counselor in the agency's Office of Resolution Management (ORM) by telephone on October 1, 2007 to discuss the alleged discrimination.  The record from the initial contact lists one claim for "harassment/hostile work environment (non-sexual)" and states that the incident in question occurred on July 31, 2007.  This apparently refers to the alleged improper request for Plaintiff's personal information.  The record also notes Plaintiff's allegation of sexual assault, but does not list a separate claim based on the assault.  The record does not refer to the alleged failure to select Plaintiff for a particular position.

On December 21, 2007, the ORM sent Plaintiff a letter stating

that it was "closing the informal counseling" on the matter she had presented to the office on October 1, 2007. The letter identified a single claim for harassment based on an incident that took place on July 31, 2007, and directed Plaintiff to inform the office within five business days if the information about the claim was incorrect. The letter informed Plaintiff that, if she wished to file a formal complaint, she was required to do so within fifteen calendar days from receipt of the notice. A FedEx receipt shows that the letter was delivered on December 31, 2007.

Plaintiff filed her formal administrative complaint of discrimination on January 16, 2008. As noted above, the complaint asserted claims for discrimination based on three distinct events.

In a notice dated January 24, 2008, the ORM informed Plaintiff that it had reached a final decision on her complaint and had decided to dismiss it. It stated that Plaintiff was required to contact an EEO counselor within forty-five days of any incident of discrimination if she wished to pursue formal charges. Because Plaintiff's October 1, 2007 contact with the EEO counselor had taken place more than forty-five days after the most recent alleged incident of discrimination against Plaintiff, the ORM concluded that her complaint was untimely.[1] The ORM also stated that Plaintiff could not pursue her claims based on her alleged sexual assault and the failure to select her for the unspecified position

---

[1] The ORM stated that the allegedly improper request for Plaintiff's personal information took place on July 3, 2007. As noted above, other records from the ORM indicate that this incident took place on July 31, 2007. It is not clear which date is correct. However, any error by the ORM was not material because Plaintiff's October 1, 2007 EEO contact occurred more than forty-five days after the later date of July 31, 2007.

3

for the additional reason that she had failed to raise these matters in her initial EEOC contact.[2] Finally, the ORM noted that Plaintiff had filed her administrative complaint of discrimination on January 16, 2008, more than fifteen calendar days after she received the notice that her counseling file was being closed. The ORM found that this provided an additional reason for dismissing Plaintiff's claims.

Plaintiff appealed the ORM's dismissal to the EEOC. The EEOC affirmed the dismissal "for untimely contact," finding that Plaintiff "failed to bring the matters to the attention of an EEO Counselor in a timely manner or present persuasive arguments or explanations that warrant waiver of the statutory timeframe." The EEOC found that it was not necessary to address the alternate bases for dismissal set out in the ORM's decision.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district

---

[2] As noted above, the record from the initial EEO contact contains a reference to Plaintiff's alleged sexual assault, even though this incident was not listed as a separate claim on the subsequent letter informing Plaintiff that her counseling file was being closed and Plaintiff apparently did not contact the ORM to correct the information contained in the letter.

4

court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction that exists despite the formal sufficiency of the complaint. Thornhill Publ'q Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). "A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits." Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987). Under these circumstances, the allegations in the complaint are not presumed to be true. Id.; see also McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (the district court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of [subject matter] jurisdiction").

## DISCUSSION

Before bringing a discrimination claim under Title VII, a federal employee must first exhaust his or her administrative remedies. 42 U.S.C. § 2000e-16(c); Sommatino v. United States, 255 F.3d 704, 707-08 (9th Cir. 2001). Exhaustion requires compliance with any applicable regulations governing when and how complaints must be made. See Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir. 1995). According to EEOC regulations, a federal employee "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Failure to exhaust

5

administrative remedies deprives the court of subject matter jurisdiction over the Title VII claim. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002).

As noted above, Plaintiff did not contact an EEO counselor within forty-five days of the most recent of the discriminatory acts alleged in her administrative complaint of discrimination. The Court therefore lacks subject matter jurisdiction over her claim. Although the forty-five day deadline may be subject to equitable tolling, Boyd v. U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985), Plaintiff has not presented any circumstances that would warrant applying equitable tolling here. Defendant acknowledged and explained the doctrine of equitable tolling in his motion. He argued that Plaintiff was not entitled to tolling because, among other reasons, she had been trained in the VA's EEO procedures. Plaintiff did not dispute that she had been trained or provide any other grounds in her opposition for applying equitable tolling.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 16) is GRANTED. Because the Court lacks subject matter jurisdiction over this action and Plaintiff cannot cure this defect, the complaint is dismissed with prejudice. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 6/9/09

CLAUDIA WILKEN
United States District Judge

6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ODUM et al,

        Plaintiff,

v.

PEAKE et al,

        Defendant.

Case Number: CV08-05019 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 9, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barbara M. Odum
4455 Glidden Way
Fremont, CA 94536

Dated: June 9, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk